2010 ND 47

Gregory VAN BEEK, Barbara Van Beek, and Ellef Severson, Jr., Plaintiffs and Appellees

v.

Larry UMBER, Jr., and Julie Umber, Defendants and Appellants.

No. 20090264.

Supreme Court of North Dakota.

March 16, 2010.

Rudra Tamm, Bismarck, N.D., for plaintiffs and appellees.

Charles R. Isakson, Bismarck, N.D., for defendants and appellants.

MARING, Justice.

[¶ 1] Larry Umber, Jr., and Julie Umber appeal from a judgment awarding Gregory Van Beek, Barbara Van Beek, and Ellef Severson, Jr. ("Van Beeks") at-

torney's fees in a quiet title action. We reverse the award of attorney's fees in the judgment.

[¶ 2] The Van Beeks filed a quiet title action requesting monetary damages and judicial determination of a section line. The Van Beeks and the Umbers disagreed about the section line location in Emmons County, North Dakota. Both parties hired surveyors, who also disagreed about the section line location. The Van Beeks own the adjoining land in Section 22, and the Umbers own the adjoining land in Section 15 to the north. Gregory Van Beek and Larry Umber, Jr. are half-brothers. The trial court noted there is "bad blood" between Gregory Van Beek and Larry Umber, Jr.

[¶ 3] In their complaint, the Van Beeks allege the Umbers had obstructed a public access way by erecting a fence to block what the Van Beeks believe to be the section line, and the Umbers had wrongfully claimed ownership of the Van Beeks' land. During the 2009 trial, the trial court heard testimony from the parties and two surveyors. The trial court found the testimony of the Van Beeks' surveyor more credible. The court found in favor of the Van Beeks and awarded the Van Beeks their costs and disbursements, including costs for lost crops, survey cost, and attorney's fees.

[¶ 4] The Umbers filed a motion for relief from judgment under N.D.R.Civ.P. 60(b) asking the trial court to reconsider its attorney's fees award. The trial court held an additional hearing on the motion for reconsideration and denied the motion. The Umbers appeal the award of attorney's fees, arguing the trial court abused its discretion under N.D.R.Civ.P. 11 and N.D.C.C. §§ 28–26–01(2) and 28–26–31. On appeal, the Van Beeks argue the trial court did not abuse its discretion under N.D.C.C. § 28–26–31

or it had the inherent power to assess legal fees. Because the Van Beeks did not argue to the trial court that it had an inherent power to sanction, their argument is not properly before this Court. *See In re Hirsch,* 2009 ND 135, ¶ 12, 770 N.W.2d 225 ("[I]f a party fails to properly raise an issue or argument before the district court, the party is precluded from raising that issue or argument on appeal.").

[¶ 5] "A trial court is considered an expert in determining the amount of attorney fees." *Riemers v. State,* 2008 ND 101, ¶ 8, 750 N.W.2d 407. An award of attorney's fees lies within the sound discretion of the trial court. *Strand v. Cass County,* 2006 ND 190, ¶ 17, 721 N.W.2d 374. "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned decision, or it misinterprets or misapplies the law." *Strand v. Cass County,* 2008 ND 149, ¶ 18, 753 N.W.2d 872.

[¶ 6] Based on the parties' appellate briefs, the issue is whether sanctions were appropriate under N.D.C.C. § 28–26–31. Section 28–26–31, N.D.C.C., provides:

> Allegations and denials in any pleadings in court, made without reasonable cause and not in good faith, and found to be untrue, subject the party pleading them to the payment of all expenses, actually incurred by the other party by reason of the untrue pleading, including a reasonable attorney's fee, to be summarily taxed by the court at the trial or upon dismissal of the action.

The trial court's award of attorney's fees and costs under N.D.C.C. § 28–26–31 is discretionary, but "the court's exercise of that discretion must be based on evidence that the pleadings were made without reasonable cause and not in good faith, and

are found to be untrue." *Strand*, 2008 ND 149, ¶ 14, 753 N.W.2d 872. The fact that a party won is insufficient to establish that the other party lacked good faith in its pleadings. *See Peterson v. Zerr*, 477 N.W.2d 230, 235 (N.D.1991); *Larson v. Baer*, 418 N.W.2d 282, 289 (N.D.1988).

[¶ 7] The trial court did not, however, provide findings to support any of the criteria. Therefore, there are no findings to support a conclusion that Umbers' pleadings were made without reasonable cause and not in good faith and found to be untrue.

[¶ 8] We reverse the award of attorney's fees in the judgment.

[¶ 9] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.