2010 ND 107

**John EBERLE, Plaintiff and Appellee**

v.

**Heidi EBERLE, Defendant and Appellant.**

No. 20090332.

Supreme Court of North Dakota.

June 10, 2010.

Rehearing Denied July 13, 2010.

Paul Henry Myerchin, Bismarck, N.D., for plaintiff and appellee.

Donavin L. Grenz, Linton, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶ 1]   Heidi Eberle appeals from a divorce judgment, arguing the district court erred in distributing marital property belonging to her and John Eberle, in establishing the parties' parenting time for their children, and in denying her $1,816 in costs and disbursements for a prior appeal.  We affirm the district court's distribution of marital property and designation of parenting time, and we reverse the court's denial of costs and disbursements for the prior appeal and remand for imposition of those costs.

I

[¶ 2]   John and Heidi Eberle were married in 1996.  During their marriage, John Eberle adopted Heidi Eberle's child from a previous relationship and the parties had three additional children.  John Eberle is a farmer in rural Emmons County.  Before the marriage, he farmed about 440 acres of land he had purchased from his parents, and in 2004, the parties executed a contract for deed to purchase another 1,000 acres of land from John Eberle's mother.  Heidi Eberle was not employed outside the home during most of the marriage.  Heidi Eberle and the children moved out of the parties' residence in February 2007.  When Heidi Eberle left the residence, she took the parties' 2001 Ford Winstar minivan, some clothing, some household items, some personal property, and $5,000 from the parties' joint bank account.

[¶ 3]   The parties initially entered into a settlement agreement to dissolve their marriage and to resolve issues about custody, child support, property division, and debt allocation.  Under the agreement, the parties received joint legal custody of the children, with Heidi Eberle receiving primary legal custody and John Eberle receiving liberal visitation.  Both parties waived any right to receive spousal support.  The agreement divided the parties' marital property, with Heidi Eberle receiving the 2001 Ford Winstar minivan, her checking account, any furniture and other personal property in her possession, and any personal clothing or other personal effects remaining in the marital residence.  The agreement awarded John Eberle all the real property, including the residence and farmland, a 2001 pickup, all farm equipment, machinery and tools, his checking account, the household goods and furnishings remaining in the marital residence, and all other personal property in his possession. Under the agreement, John

Eberle assumed all the debt related to the farm, the parties divided the Capitol One credit card debt, and Heidi Eberle assumed all other credit card debt. In March 2007, the district court entered a judgment incorporating the parties' settlement agreement and granting them a divorce.

[¶ 4] In January 2008, Heidi Eberle moved for relief from the judgment. She also sought sole custody of the children and a specific visitation schedule. After an October 2008 evidentiary hearing, the district court found the parties' settlement agreement was free from mistake, duress, menace, fraud, and undue influence, the agreement was not unconscionable, and the agreement was binding on the parties. In *Eberle v. Eberle*, 2009 ND 107, ¶¶ 1, 37, 43, 766 N.W.2d 477, we held the parties' settlement agreement was procedurally and substantively unconscionable, and we reversed the order denying Heidi Eberle relief from that judgment and remanded to the district court for an equitable distribution of the parties' marital property.

[¶ 5] On remand, the district court granted Heidi Eberle $125 in costs for filing fees for her prior appeal to this Court, but denied her $1,816 in costs for the preparation of a transcript and for the electronic filing of additional pages for her appellate brief and appendix. In distributing the parties' marital estate, the court said John Eberle worked hard during the marriage to provide for the family through his farming and dairy operation, which allowed the family to live comfortably and allowed him to make monthly payments for credit card debt accumulated by Heidi Eberle. The court found John Eberle assisted Heidi Eberle in raising the children, Heidi Eberle brought no property into the marriage, John Eberle paid off her existing debts when the relationship started, she was "fiscally irresponsible during the

marriage," and the "marriage essentially ended due to Heidi's extra-marital affairs." The court adopted John Eberle's valuations of the parties' marital property and debt. The court found the Eberle farm constituted substantially all of the parties' property and Heidi Eberle brought nothing more than debt into the marriage. The court decided it would be inappropriate to divide the third-generation family farm and delineated the issue as how much debt John Eberle should bear to make an equitable monetary payment to Heidi Eberle. The court specifically found Heidi Eberle lied about the circumstances of the execution of the parties' settlement agreement and lied during a bankruptcy proceeding about her financial demands in this divorce proceeding. The court explained Heidi Eberle's fiscal irresponsibility and other conduct justified her receiving substantially less property than John Eberle in the distribution of the parties' marital estate.

[¶ 6] ·The court awarded John Eberle the personal property in his possession and the family farming and dairy operation, which the court found had a net worth of about $852,000, and awarded Heidi Eberle personal property in her possession and a $150,000 cash payment within 90 days from John Eberle. In response to motions seeking the establishment of a schedule for parenting time, the court held an evidentiary hearing and thereafter established the parties' parenting time for their children.

## II

[¶ 7] Heidi Eberle argues the district court erred in denying her $1,780 in costs for the transcript and $36 in costs for the electronic filing fee for additional pages in her appellate brief and appendix in the prior appeal. She argues she was ·required to order a transcript for the prior

appeal under N.D.R.App.P. 10(b)(1), and she was entitled to recover those costs under this Court's mandate and N.D.R.App.P. 39. She claims although she may not have cited the transcript in her appellate brief in her prior appeal, the transcript supported her statement of the facts in that brief.

[¶ 8] This Court's mandate in *Eberle* ordered that "Heidi Eberle have and recover from John Eberle costs and disbursements on this appeal under Rule 39, N.D.R.App.P., to be taxed and allowed in the court below." On remand, the district court decided Heidi Eberle was not entitled to $1,780 in costs for the preparation of a transcript for the prior appeal because "the transcript was not used as contemplated in NDCC 28–26–06(4)" and she was not entitled to $36 in costs for electronic filing of additional pages in her appellate brief and appendix because the additional filing fee was due to her "own failure in filing."

[¶ 9] Rule 39(e), N.D.R.App.P., provides:

(e) Costs on Appeal in Civil Cases Taxable in District Court. The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs:

(1) the preparation and transmission of the record;

(2) the transcript, if necessary to determine the appeal;

(3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal;

(4) the fee for filing the notice of appeal.

[¶ 10] Rule 10(b)(1), N.D.R.App.P., requires an appellant to provide a transcript of the proceedings on appeal. *Sabot v. Fargo Women's Health Org., Inc.*, 500 N.W.2d 889, 891–93 (N.D.1993). We have held that an appellant challenging a district court's findings of fact has the burden of demonstrating those findings are clearly erroneous under N.D.R.Civ.P. 52(a). *Rosendahl v. Rosendahl*, 470 N.W.2d 230, 231 (N.D.1991). "When an appellant raises issues on appeal regarding the findings of fact, it is difficult, if not impossible, for us to discuss the merits of the appeal without a transcript." *Rosendahl*, at 231. If the record does not allow for a meaningful and intelligent review of alleged errors, we may decline to review those assertions. *Id.*

[¶ 11] Heidi Eberle's prior appeal challenged findings of fact issued after an evidentiary hearing. *See Eberle*, 2009 ND 107, ¶¶ 19–37, 766 N.W.2d 477 (reviewing findings of fact). If she had not ordered the transcript for her prior appeal, she would have assumed the risk that the record precluded meaningful and intelligent review of claimed errors involving those factual issues and the risk that this Court would decline to review those claimed errors. *See Sabot*, 500 N.W.2d at 891–94.

[¶ 12] Under N.D.C.C. § 28–26–06(4), "the clerk of district court shall tax as a part of the judgment in favor of the prevailing party the following necessary disbursements . . . [t]he legal fees of the court reporter for a transcript of the testimony when such transcript is used on motion for a new trial or in preparing a statement of the case." The plain language of N.D.C.C. § 28–26–06(4) applies to "disbursements" for court reporter fees for a transcript used for a motion for a new trial, or for preparing a statement of the case. In *Fowler v. Delzer*, 177 N.W.2d 756, 764 (N.D.1970) (on petition for rehearing), this Court discussed N.D.C.C. § 28–26–06(4) in the context of an order awarding fees to the defendants for transcript preparation in a case in which the defendants, as appellants, prevailed in a prior

appeal on an issue requiring the transcript. This Court explained that "disbursements" under N.D.C.C. § 28–26–06 are allowable as a matter of right, but "costs" are discretionary, and fees for a transcript for appellate reversal of a trial court's order granting a motion for a new trial are a "disbursement" properly taxed by the clerk as a necessary disbursement for the prevailing party on appeal. *Fowler*, at 764 (on petition for rehearing). We said that conclusion was in harmony with *Swallow v. First State Bank*, 35 N.D. 323, 327–30, 160 N.W. 137, 138–40 (1916), which "held that fees paid to a court stenographer for a transcript upon which a motion for a new trial is granted are properly taxed as a necessary disbursement in favor of the prevailing party." *Fowler*, at 764 (on petition for rehearing). *See also Investors' Syndicate v. Pugh*, 25 N.D. 490, 493–94, 142 N.W. 919, 920 (1913) (discussing difference between disbursements under predecessor of N.D.C.C. § 28–26–06 and costs under predecessor of N.D.C.C. § 28–26–02 and awarding transcript preparation fee for prior appeal as disbursement).

[¶ 13] Heidi Eberle may not have cited specific pages of the transcript in her appellate brief in her prior appeal. *See* N.D.R.App.P. 28(b), (c) and (f) (requiring citations to record in appellate briefs). Her prior appeal, however, raised issues involving findings of fact which required the transcript for this Court to review, and her appellate brief's statement of facts generally recited a factual background which was supported by the transcript. Heidi Eberle ultimately prevailed in that appeal, and we are not persuaded her failure to specifically cite to pages in the transcript in her appellate brief to this Court precludes her from receiving fees associated with the preparation of a necessary transcript. We conclude Heidi

Eberle is entitled to payment of the fee for preparation of the transcript for the prior appeal as a necessary disbursement.

[¶ 14] Heidi Eberle also argues the district court erred in denying her $36 in costs for additional pages for the electronic filing of her appellate brief and appendix in the prior appeal. John Eberle admits he misinterpreted this Court's correspondence with Heidi Eberle's counsel and concedes "the $36.00 filing fee was a correct taxable cost." In light of John Eberle's admission, we conclude Heidi Eberle is also entitled to $36 for the electronic filing of her appellate brief and appendix. We reverse the district court judgment to the extent the court denied Heidi Eberle those payments.

### III

[¶ 15] Heidi Eberle argues the district court erred in distributing the parties' marital property. She claims the court erred in its findings about her conduct, erred in overlooking her contributions to the marriage as a homemaker, and erred in evaluating John Eberle's contributions to the marriage. She claims the court's property distribution was "nearly as unconscionable as the settlement agreement" and the court's distribution should be remanded with instructions to award her about half of the fair market value of the marital estate with an initial payment to her of $200,000 and the balance payable over a ten-year period. John Eberle responds that the district court did not clearly err in its findings about the parties' conduct and properly saved a third-generation family farm. He argues Heidi Eberle's conduct justified the unequal property distribution.

[¶ 16] A district court's valuation and distribution of marital property are findings of fact, subject to the clearly erroneous standard of review. *Marquette*

*v. Marquette*, 2006 ND 154, ¶ 13, 719 N.W.2d 321; *Kostelecky v. Kostelecky*, 2006 ND 120, ¶ 8, 714 N.W.2d 845. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing the entirety of the evidence, this Court is left with a definite and firm conviction a mistake has been made." *Lynnes v. Lynnes*, 2008 ND 71, ¶ 12, 747 N.W.2d 93. A district court's findings of fact are presumed correct, and we view the evidence in the light most favorable to its findings. *Lorenz v. Lorenz*, 2007 ND 49, ¶ 5, 729 N.W.2d 692. Under the clearly erroneous standard of review, we do not reweigh the evidence or reassess the credibility of the witnesses when there is evidence to support a district court's findings, and we will not reverse a district court's decision merely because we might have reached a different result. *Hentz v. Hentz*, 2001 ND 69, ¶ 6, 624 N.W.2d 694. A choice between two permissible views of the weight of the evidence is not clearly erroneous. *Tishmack v. Tishmack*, 2000 ND 103, ¶ 7, 611 N.W.2d 204.

[¶ 17] A district court's marital property valuations are not clearly erroneous if they are within the range of evidence presented. *Amsbaugh v. Amsbaugh*, 2004 ND 11, ¶ 12, 673 N.W.2d 601. An owner of real property may testify as to the value of the land without any further qualification or special knowledge. *Anderson v. Anderson*, 368 N.W.2d 566, 569 (N.D.1985). The "district court is in a better position than this Court to judge the credibility and observe the demeanor of witnesses and to determine property values." *Kostelecky*, 2006 ND 120, ¶ 9, 714 N.W.2d 845.

[¶ 18] Here, the district court accepted John Eberle's property values in his property and debt listing under N.D.R.Ct. 8.3. John Eberle's property values in his property and debt listing reflect marital assets valued at $1,093,093 with marital debts of about $240,998, and a net marital estate valued at about $852,094. There is evidence in this record to support the district court's findings for the value of the parties' marital estate, and we are not left with a definite and firm conviction the court made a mistake in its property valuations. We therefore conclude the court's property valuations are not clearly erroneous.

[¶ 19] Division of marital property upon divorce must be equitable. N.D.C.C. § 14–05–24(1). Although the division does not have to be equal to be equitable, a substantial disparity must be explained. *Wold v. Wold*, 2008 ND 14, ¶ 6, 744 N.W.2d 541. All of the real and personal property accumulated by the parties, regardless of source, must be included in the marital estate. *Lynnes*, 2008 ND 71, ¶ 14, 747 N.W.2d 93. After including all of the marital assets and debts, the district court must apply the *Ruff–Fischer* guidelines to divide the property. *Id.; Fischer v. Fischer*, 139 N.W.2d 845, 852–53 (N.D. 1966); *Ruff v. Ruff*, 78 N.D. 775, 784, 52 N.W.2d 107, 111 (1952). Under the *Ruff–Fischer* guidelines, the district court must consider:

"the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material."

*Kostelecky*, 2006 ND 120, ¶ 12, 714 N.W.2d 845 (quoting *Weigel v. Weigel*, 2000 ND 16, ¶ 6, 604 N.W.2d 462).

[¶ 20] In *Gibbon v. Gibbon,* 1997 ND 210, ¶ 7, 569 N.W.2d 707, we discussed the distribution of business operations like family farms:

In divorce proceedings, we have recognized the importance of preserving the viability of a business operation like a family farm, and the potential for economic hardship if those type of entities are divided. *See Linrud v. Linrud,* 552 N.W.2d 342 (N.D.1996); *Heley v. Heley,* 506 N.W.2d 715 (N.D.1993); *Pankow v. Pankow,* 371 N.W.2d 153 (N.D.1985); *Graves v. Graves,* 340 N.W.2d 903 (N.D. 1983); *Urlaub v. Urlaub,* 325 N.W.2d 234 (N.D.1982); *Williams v. Williams,* 302 N.W.2d 754 (N.D.1981). We have upheld the distribution of farm assets to one spouse with an offsetting monetary award to the other spouse. *Heley. See also Linn v. Linn,* 370 N.W.2d 536 (N.D.1985). That type of distribution generally allows successful operation of the farming enterprise as an economic unit without working a disadvantage to either spouse and avoids the conflict likely to arise if the divorced spouses continue to share ownership of the farm. *Heley; Linrud.* Our decisions effectively recognize liquidation of an ongoing farming operation or business is ordinarily a last resort.

[¶ 21] Under the district court's distribution of the parties' marital estate, John Eberle received net assets of about $852,000 plus some personal property items in the N.D.R.Ct. 8.3 listing which were not valued, and Heidi Eberle received no marital debt, a $150,000 cash payment within 90 days from John Eberle, personal property in her possession, $5,000 in her checking account, and some furniture. The court decided each party was responsible for any separate debt individually incurred after the initial divorce judgment in March 2007. Although Heidi Eberle's contributions to the marriage are not insignificant, the court explained the disparity in the property distribution based upon the original source of the bulk of the marital estate, a desire to keep the family farm intact under a debt structure that would allow John Eberle to make monetary payments to Heidi Eberle, and the parties' conduct during the marriage, including Heidi Eberle's lack of fiscal responsibility.

[¶ 22] There is evidence in this record to support the district court's findings, and we decline Heidi Eberle's invitation to reweigh the evidence or reassess the credibility of the witnesses. We are not left with a definite and firm conviction the court made a mistake in distributing the parties' marital estate, and we conclude the court's distribution is not clearly erroneous.

IV

[¶ 23] Heidi Eberle argues the district court erred in establishing the parties' parenting time for their children. She argues she should have parenting time from Thursday through Sunday every other weekend and the court should name a parenting coordinator or mediator for the parties to contact if there are problems with recommended counseling. John Eberle responds the district court's order correctly addressed alienation that Heidi Eberle was causing between him and the children. He argues the district court's parenting plan is well supported by the best interests of the children, the facts in the record, and the court's ability to assess the credibility of the witnesses.

[¶ 24] A district court's decision on visitation or parenting time is a finding of fact reviewed under the clearly erroneous standard of review. *See Wolt v. Wolt,* 2010 ND 26, ¶ 38, 778 N.W.2d 786. The record reflects there were numerous prob-

lems with implementing the existing schedule for parenting time and the court's order specifically designated each parties' parenting time. There are allegations of alienation by both parties, and the court found the parties were unable to function under the prior parenting plan. The court granted Heidi Eberle primary residential responsibility for the children and set out a detailed parenting schedule. The court also said that if the parties have a dispute about the parenting plan, they shall first use the parenting coordinator to resolve the dispute. The court's detailed order also required the parties to undergo counseling recommended by the children's counselors to resolve parenting issues. The court's decision reflects a reasonable solution for the issues about parenting time, and we are not left with a definite and firm conviction the court made a mistake in its detailed order for parenting time. We conclude the court's order is not clearly erroneous.

V

[¶ 25] We affirm the district court's property distribution and award of parenting time, and we reverse the district court's denial of costs and disbursements from the prior appeal and remand for imposition of those costs and disbursements.

[¶ 26] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.