Filed 8/17/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 149

S.H.B., Petitioner and Appellant

v.

T.A.H., Respondent and Appellee

No. 20090267

Appeal from the Juvenile Court of Richland County, Southeast Judicial District, the Honorable Richard W. Grosz, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Erica Leigh Chisholm, P.O. Box 1116, Wahpeton, N.D. 58074-1116, for petitioner and appellant.

Don R. Krassin, 120 South 1st Street, Wahpeton, N.D. 58075, for respondent and appellee.

S.H.B. v. T.A.H.

No. 20090267

Kapsner, Justice.

[¶1] S.B. appeals from a juvenile court judgment denying her petition to terminate the parental rights of T.H.  We affirm, concluding the juvenile court’s findings of fact are not clearly erroneous.

I

[¶2] S.B. and T.H. are the biological mother and father, respectively, of a child born in 2006.  The child has at all times been in the custody and control of S.B.  S.B. and T.H. were never married, but T.H. signed an acknowledgment of paternity of the child and was ordered to pay child support by a 2007 judgment.

[¶3] T.H. has a lengthy history of drug and alcohol abuse, and numerous criminal convictions.  He has seen the child only once, when S.B. brought the child to visit him while he was incarcerated.  He has provided minimal financial support to the child and owes significant child support arrearages. T.H. is currently undergoing chemical dependency treatment while incarcerated and is scheduled to be released in late 2010. 

[¶4] In 2009, S.B. filed a petition seeking termination of T.H.’s parental rights, alleging T.H. had abandoned the child.  At the hearing on the petition, T.H. testified that he had made requests to see the child and to contact the child by phone, but S.B. had refused his requests.  T.H. also testified about his recent attempts to change his life and get treatment for his substance abuse problems.  The juvenile court found T.H. had not abandoned the child and denied the petition to terminate T.H.’s parental rights.

II

[¶5] S.B. contends the juvenile court erred in finding that T.H. had not abandoned the child because the evidence demonstrated abandonment as a matter of law.

[¶6] A party seeking termination of parental rights under the Uniform Juvenile Court Act, N.D.C.C. ch. 27-20, must prove all of the required elements by clear and convincing evidence.  
In re D.H.
, 2010 ND 103, ¶ 19; 
In re A.B.
, 2009 ND 116, ¶ 16, 767 N.W.2d 817.  Clear and convincing evidence means evidence that leads to a firm belief or conviction the allegations are true.  
D.H.
, at ¶ 19; 
In re K.J.
, 2010 ND 46, ¶ 4, 779 N.W.2d 635; 
A.B.
, at ¶ 16.  On appeal, we give due regard to the trial court’s opportunity to view and judge the credibility of the witnesses, and we will not reverse the trial court’s findings of fact unless they are clearly erroneous.  N.D.R.Civ.P. 52(a); 
K.J.
, at ¶ 5; 
A.B.
, at ¶ 16.  A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, the reviewing court is left with a definite and firm conviction that a mistake has been made.  
D.H.
, at ¶ 19; 
K.J.
, at ¶ 5; 
A.B.
, at ¶ 16.  Under the clearly erroneous standard, we do not reweigh the evidence or reassess the credibility of witnesses, and we will not retry the case or substitute our judgment for that of the trial court merely because we might have reached a different result.  
See, e.g.
, 
Eberle v. Eberle
, 2010 ND 107, ¶ 16; 
Wolt v. Wolt
, 2010 ND 26, ¶ 7, 778 N.W.2d 786.  A choice between two permissible views of the evidence is not clearly erroneous.  
Eberle
, at ¶ 16.

[¶7] Under N.D.C.C. § 27-20-44(1)(a), the juvenile court may terminate parental rights of a parent if the parent has abandoned the child.  Abandonment by a noncustodial parent is defined in N.D.C.C. § 27-20-02(1)(a):

“Abandon” means:

a. As to a parent of a child not in the custody of that parent, failure by the noncustodial parent significantly without justifiable cause:

(1) To communicate with the child;  or

(2) To provide for the care and support of the child as required by law.

[¶8] The determination of whether a child has been abandoned is a question of fact, subject to the clearly erroneous standard of review.  
B.L.L. v. W.D.C.
, 2008 ND 107, ¶ 5, 750 N.W.2d 466; 
see also
 
In re Adoption of H.G.C.
, 2009 ND 19, ¶ 10, 761 N.W.2d 565.  This Court set out the appropriate factors to be considered in determining abandonment in 
B.L.L.
, at ¶ 6:

This Court has elaborated: 

“In determining whether abandonment has taken place, we look to such factors as the parent’s contact and communication with the child, the parent’s love, care and affection toward the child, and the parent’s intent.  Also relevant is the parent’s acceptance of parental obligations such as providing care, protection, support, education, moral guidance, and a home for the child.  A casual display of interest by a parent does not preclude a finding of abandonment, and a parent’s negligent failure to perform parental duties is significant to the issue.” 

In re H.R.W.
, 2004 ND 216, ¶ 6, 689 N.W.2d 403 (citations omitted).  It must be shown the parent possessed “intent to abandon [the child], which may be inferred from a parent’s conduct.”  
In re R.M.B.
, 402 N.W.2d 912, 915 (N.D. 1987).  “A parent’s incarceration is not alone a defense to abandonment, and abandonment may rest upon the parent’s confinement coupled with other factors such as parental neglect, absence of contact, failure to support, and disregard for the child’s general welfare.”  
In re C.K.H.
, 458 N.W.2d 303, 305-06 (N.D. 1990).

[¶9] The juvenile court in this case found T.H. had not intended to abandon his child.  The court pointed out that T.H. had periodically requested contact with the child, but was denied by S.B.  The court also found that T.H. had been making efforts to improve his life and, during his present incarceration and prior to the initiation of this action to terminate his parental rights, T.H. had voluntarily engaged in intensive chemical dependency treatment, had not violated any rules or regulations of the Department of Corrections, and had been a “model” prisoner.  Based upon these factors, the court ultimately found that T.H. had not intended to abandon his child:

Imprisonment alone is not sufficient to show abandonment. . . . Petitioner must show that Respondent has the intent to abandon. . . . Petitioner has not shown by clear and convincing evidence that Respondent intends to abandon this minor child.  Even during Respondent’s darkest days whether in custody or committing marijuana offenses and otherwise living a disastrous life, during the three plus years of this child’s life, Respondent periodically requested contact with the child from Petitioner.  Morever, to save his own life and to be a father to this child, prior to the initiation of the above-entitled matter, Respondent voluntarily requested the means (therapy) to become a productive person and father.  While most of Respondent’s actions and omissions during the three plus years of this child’s life show abandonment, his continuous sporadic requests to Petitioner for contact with the child during these three plus years and his voluntary actions seeking necessary change of his life prior to the commencement of the above-entitled matter do not show, by clear and convincing evidence, that Respondent intends or has intended to abandon this child. 

[¶10] Applying this Court’s deferential standard of review of findings of fact, the juvenile court’s finding that T.H. did not intend to abandon his child is not clearly erroneous.  There was evidence in the record which, if believed, supported the court’s underlying findings that T.H. had made periodic requests to visit the child and speak to the child by phone and had recently made significant efforts to overcome his addictions and turn his life around.  These underlying facts support the court’s ultimate finding that T.H. did not intend to abandon the child.

[¶11] To establish abandonment under N.D.C.C. § 27-20-02(1)(a), the petitioner must show that the parent intended to abandon the child.  
B.L.L.
, 2008 ND 107, ¶ 5, 750 N.W.2d 466.  Because the juvenile court’s finding that T.H. did not intend to abandon the child is not clearly erroneous, the court did not err in denying the petition to terminate T.H.’s parental rights.

III

[¶12] On appeal, S.B. also contends the child is a deprived child, the deprivation is likely to continue, and there is likely to be harm to the child. 
See
 N.D.C.C. § 27-20-44(1)(c).  At trial, however, S.B. expressly limited her arguments to abandonment, and disavowed reliance on any other grounds for termination of parental rights:

THE COURT: Okay.  Ms. Chisholm, just to make the record clear.  My understanding is the Petition For Termination of Rights is being pitched on the ground of abandonment.  Is that correct?

CHISHOLM: That is correct your Honor.

COURT: That’s the only ground that’s being alleged?

CHISHOLM: Yes your Honor.  

An issue or contention not raised or considered in the lower court cannot be raised for the first time on appeal.  
E.g.
, 
Isaacson v. Isaacson
, 2010 ND 18, ¶ 22, 777 N.W.2d 886; 
In re Hirsch
, 2009 ND 135, ¶ 12, 770 N.W.2d 225.  If a party fails to properly raise an issue or argument before the trial court, the party is precluded from raising that issue or argument on appeal.  
Van Beek v. Umber
, 2010 ND 47, ¶ 4, 780 N.W.2d 52; 
Hirsch
, at ¶ 12; 
Rutherford v. BNSF Ry. Co.
, 2009 ND 88, ¶ 28, 765 N.W.2d 705.

IV

[¶13] The judgment denying the petition to terminate T.H.’s parental rights is affirmed.

[¶14] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.