Jensen, Justice, dissenting.
*792 [¶ 21] The guardian ad litem provided testimony that N.B., J.B.'s father, is a good parent. The guardian ad litem also testified she has confidence in N.B.'s ability to parent and that N.B. appears to have provided J.B. with a good home and stable environment. J.B. was placed with N.B. prior to and during the deprivation proceedings. J.B. has never been harmed while in the care of N.B. With regard to N.B.'s ability to parent, the juvenile court concluded "[o]ther than his indication that he would allow [J.G.] to provide supervision for this child given the opportunity to do so, he's done everything right." Given these facts, I am left with a definite and firm conviction that a mistake has been made with regard to the deprivation finding. I conclude the determination that J.B. is a deprived child must be reversed.
[¶ 22] A "deprived child" is a child who:
Is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health, or morals, and the deprivation is not due primarily to the lack of financial means of the child's parents, guardian, or other custodian[.]
N.D.C.C. § 27-20-02(8)(a). "[P]roper parental care" means "minimum standards of care which the community will tolerate." Interest of D.Q. , 2002 ND 188, ¶ 12, 653 N.W.2d 713 (quoting Interest of J.R. , 2002 ND 78, ¶ 9, 643 N.W.2d 699 ). A finding of deprivation must be supported by clear and convincing evidence. Interest of B.B. , 2008 ND 51, ¶ 6, 746 N.W.2d 411. "Clear and convincing evidence means evidence that leads to a firm belief or conviction the allegations are true." Interest of A.B. , 2009 ND 116, ¶ 16, 767 N.W.2d 817 (quoting Interest of M.B., 2006 ND 19, ¶ 13, 709 N.W.2d 11 ).
[¶ 23] On review, this Court will not overturn a juvenile court's finding that a child is deprived unless the finding is clearly erroneous. B.B., 2008 ND 51, ¶ 4, 746 N.W.2d 411. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support the finding, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made." Interest of T.A., 2006 ND 210, ¶ 11, 722 N.W.2d 548. When a party appeals a juvenile court order, this Court reviews "the files, records, and minutes or transcript of the evidence," and gives "appreciable weight to the findings of the juvenile court." N.D.C.C. § 27-20-56(1).
[¶ 24] The juvenile court's conclusion that J.B. is deprived is contrary to the evidence that was provided during the hearing. The essential fact for determining whether or not J.B. is deprived is consideration of whether or not J.B. is without "proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health, or morals...." N.D.C.C. § 27-20-02(8)(a). As noted above, the guardian ad litem assessed N.B. as a good parent and testified that N.B. has provided J.B. with a good home and stable environment. The prior juvenile court shelter care orders placed J.B. in N.B.'s care. Even the juvenile court concluded that, with the exception of allowing J.G. to have contact with J.B., N.B. has "done everything right."
[¶ 25] The juvenile court's only reservation regarding N.B. was the indication that *793 N.B. has an intent to stay in a relationship with J.G. and desires J.G. to have a parental relationship with J.B. However, N.B. has also indicated he is willing to live apart from J.G. N.B. and J.G. do not currently reside together. The record reflects that while N.B. was caring for J.B., J.B. has never been harmed.
[¶ 26] The juvenile court's decision in this case is an impermissible speculation about future decisions and the potential impact of those decisions. This Court has previously rejected a deprivation finding based on speculation regarding a parent's future decisions. Interest of R.S. , 2010 ND 147, ¶ 15, 787 N.W.2d 277. In R.S., at ¶ 2, a 17-year-old mother left her parent's residence and moved in with an acquaintance. Social services preferred that the mother and child continue to reside at her parent's residence and initiated deprivation proceedings. Id. at ¶ 4. The district court found the child to be deprived, but this Court reversed that decision and noted the following:
N.D.C.C. § 27-20-02(8)(a) does not provide a child is deprived based upon a future possibility of harm where the child has not actually lacked proper parental care or control. As R.S.'s guardian ad litem correctly recognized, the evidentiary hearing focused upon A.D.S.'s decision-making rather than whether those decisions were presently depriving R.S. of proper parental care and control.
Id. at ¶ 16.
[¶ 27] The evidence is undisputed that N.B. is a good parent. N.B. has physical care of J.B. J.B. has not been harmed while in N.B.'s care. From these facts, I am left with a definite and firm conviction a mistake has been made in determining J.B. to be a deprived child.
[¶ 28] I recognize this Court has previously determined that the failure of one parent to separate from the other parent justifies a finding that the child is deprived if one parent creates a dangerous environment for the child. See Interest of D.N. , 2001 ND 71, ¶ 13, 624 N.W.2d 686 ; Interest of N.N. , 278 N.W.2d 150, 154 (N.D. 1979) ; Interest of J.Z. , 190 N.W.2d 27, 35 (N.D. 1971). However, all of those cases involve actual harm to a child caused by one parent and then a decision by the other parent to continue the relationship with the offending parent. These cases differ from the current case for several reasons. First, J.G., the offending parent, is not currently residing with N.B. Second, J.B. has not been harmed while J.B. has been in N.B.'s physical care. Third, N.B. has expressed a willingness not to reside with J.G. if necessary. Our prior cases involving a deprivation finding of a non-offending parent because of the actions of the other parent involved situations that presented significantly greater potential harm to the child than the circumstances of this case.
[¶ 29] I am left with a definite and firm conviction that this Court's finding of J.B. to be a deprived child is a mistake. The decision should be reversed and the shelter care order terminated.
[¶ 30] Jon J. Jensen