**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**AUGUST 2, 2023**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 148

In the Interest of the Guardianship of D.M.H., a child

| | |
|---|---|
| J.H.T. and L.H.T, | Petitioners and Appellees |
| v. | |
| D.M.H., a child; J.D.H., father; | |
| Devon Abler, Lay Guardian ad Litem, | Respondents |
| and | |
| S.L.S., | Respondent and Appellant |

## No. 20230028

Appeal from the Juvenile Court of Grand Forks County, Northeast Central Judicial District, the Honorable M. Jason McCarthy, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Kiara C. Kraus-Parr, Grand Forks, ND, for respondent and appellant.

J.H.T. (appeared), Grand Forks, ND, petitioner and appellee.

L.H.T., Grand Forks, ND, petitioner and appellee.

**Interest of D.M.H.**
**No. 20230028**

**Crothers, Justice.**

[¶1] S.L.S., biological mother of D.M.H., appeals from an order reappointing J.H.T. and L.H.T. as D.M.H's guardians and adopting a prior visitation schedule as the current visitation schedule. S.L.S. argues the court erred by adopting the prior visitation schedule. We affirm.

I

[¶2] D.M.H. was born on April 24, 2007. In 2014, D.M.H. was removed from S.L.S.'s care. On August 7, 2018, J.H.T. and L.H.T., D.M.H.'s paternal grandparents, were appointed as his guardians. S.L.S. appealed the order, arguing the juvenile court erred by not establishing a parental visitation schedule. This Court reversed and remanded to establish a visitation schedule. *Interest of D.M.H.*, 2019 ND 88, 924 N.W.2d 789. On remand, the juvenile court created a visitation schedule and incorporated it into the August 7, 2018 order.

[¶3] Under N.D.C.C. § 27-20.1-17, on June 17, 2022, the juvenile court held a review hearing, it reappointed J.H.T. and L.H.T as D.M.H.'s guardians, and gave them discretion regarding parent visitation. S.L.S. requested and received a hearing, where she argued, based on *Interest of D.M.H.,* it was improper for the court to give the guardians discretion over parental visitation. Therefore, she argued a visitation schedule must be established. S.L.S. asked for an additional hearing to propose a visitation schedule. At that hearing, S.L.S. generally complained about some missed telephone visitations, but did not propose amendments to the visitation schedule or provide any evidence supporting changing the visitation schedule. The court reappointed J.H.T. and L.H.T. as D.M.H.'s legal guardians, removed the discretion statement and adopted the prior visitation schedule. S.L.S. timely appealed the order.

1

## II

[¶4]   S.L.S. argues the juvenile court erred by adopting the prior visitation schedule.

[¶5]   We apply the clearly erroneous standard under N.D.R.Civ.P. 52(a) when reviewing findings of fact in a guardianship proceeding and the abuse of discretion standard when reviewing the selection of a guardian. *In re Guardianship of B.K.J.,* 2015 ND 191, ¶ 4, 867 N.W.2d 345. Here we are asked to review only the visitation schedule. "[A juvenile] court's decision on visitation or parenting time is a finding of fact reviewed under the clearly erroneous standard of review." *Eberle v. Eberle,* 2010 ND 107, ¶ 24, 783 N.W.2d 254. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support the finding, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made." *Id.* at ¶ 16.

[¶6]   On July 10, 2019, the juvenile court created a visitation schedule. The order states "[S.L.S. and D.M.H.] shall have telephone calls with each other twice per week on Wednesday and Saturday afternoons or evenings." The order also provided for six consecutive months of supervised in-person visits for S.L.S. and D.M.H. with in-person visits transitioning to non-supervised and lengthier visits. The court explicitly stated the visitation schedule would not be amended except by court order. The visitation schedule was created under applicable law and supported by evidence. The guardians, S.L.S., and D.M.H. have used the schedule for the last four years. S.L.S. lives in Iowa, and her only contact with D.M.H. during the guardianship has been by telephone. She has not seen D.M.H. in person since 2014.

[¶7]   Before the district court and on appeal, S.L.S. has not cited any statute or case requiring that a visitation schedule be updated or changed at a specific time. Nor has she cited us to any law prohibiting a juvenile court from adopting a prior visitation schedule. Absent such a law and absent any argument a different visitation schedule would be beneficial to D.M.H., the court did not err by adopting the prior visitation schedule.

## III

[¶8] We affirm the juvenile court's order adopting the prior visitation schedule.

[¶9]    Jon J. Jensen, C.J.
         Daniel J. Crothers
         Lisa Fair McEvers
         Jerod E. Tufte
         Douglas A. Bahr