2004 ND 22

**Doreen T. CHAPMAN, Plaintiff and Appellant,**

v.

**Benton Dewayne CHAPMAN, Defendant and Appellee.**

**No. 20030094.**

Supreme Court of North Dakota.

Jan. 28, 2004.

Rehearing Denied Feb.25, 2004.

Jonathan Peter Anderson (argued), Special Assistant Richland County State's Attorney, Fargo, for plaintiff and appellant.

Benton Dewayne Chapman. No appearance.

NEUMANN, Justice.

[¶ 1] The Southeast Regional Child Support Enforcement Unit (the "Unit") appealed district court orders temporarily reducing the amount to be withheld from Benton Chapman's wages for child support. We dismiss the appeal.

[¶ 2] The amended judgment entered in 1997 in the parties' Cavalier County divorce action granted physical custody of the parties' three children to Doreen Chapman, and ordered Benton Chapman to pay child support of $418 per month. An amended judgment entered in Cavalier County district court in 2000 increased Benton Chapman's child support obligation to $690 per month. On December 31, 2002, the district court in Cavalier County ordered that the support order be transcribed and filed with the district court in Richland County, where Benton Chapman

had become a resident, for enforcement of the support order.

[¶ 3] The district court in Richland County held a hearing on a matter which "came before the Court on the 23rd of January, 2003, pursuant to an Order to Show Cause, which had not yet been served or signed, for failure to pay child support on a timely basis." After a hearing, which was attended by Ronald W. McBeth, Richland County Assistant State's Attorney, and Benton Chapman, the district court found an accrued arrearage in Benton Chapman's child support obligation of $16,987.08, he "has had a cut in hours due to the winter months," he had requested "a temporary decrease in child support while his hours are cut," and he "does not have the current ability to pay" his child support obligation of $690 per month. The court ordered, in part:

> The Defendant shall continue to pay current child support of Six Hundred Ninety Dollars ($690.00) per month on or before the 1st day of the month until further notice of this Court. . . . .
> Further, for the next three (3) months . . . withholding will be reduced to One Hundred Twenty Dollars ($120.00) per week with the remaining amount accruing as arrearages and in May, 2003 the withholding will return to One Hundred Ninety-one Dollars ($191.00) per week[.]

The district court also issued an order providing:

> IT IS HEREBY ORDERED that the Richland County Clerk of court notify the Southeast Regional Child Support Enforcement Unit, PO Box 2806, Fargo North Dakota 58108–2806, that it will enforce this Court's ability to pay child support order of January 27, 2003, in the above matter. The Southeast Regional Child Support Enforcement Unit will order wage withholding from the Defendant's employer *only* in the amount indi-

cated in the ability to pay order for February, March and April, 2003. Beginning May 2003, the original child support order will again be enforced for wage withholding.

[¶ 4] The Unit appealed the district court's orders, raising several issues with regard to whether the district court had authority to temporarily modify or suspend the amount of child support collected through income withholding.

[¶ 5] "A party is entitled to have a court decide the merits of a dispute only after demonstrating standing to litigate the issues placed before the court." *Triple Quest, Inc. v. Cleveland Gear Co.*, 2001 ND 101, ¶ 13, 627 N.W.2d 379. "To be entitled to appeal a district court order to this Court, the party must be aggrieved by the order by having some legal interest that may be enlarged or diminished by the order." *Id.* To appeal a district court decision, "a party must be injuriously affected by the decision." *Bernhardt v. Rummel*, 319 N.W.2d 159, 160 (N.D.1982) (quoting *State v. Bakke*, 117 N.W.2d 689, 696 (N.D. 1962)). "A contractual assignment of rights may confer standing to pursue an appeal." *Triple Quest, Inc.*, at ¶ 13.

[¶ 6] The Unit was not a party to the litigation before the district court, has not shown it has a contractual assignment of rights which might confer upon it standing to appeal the district court's orders, and has not shown it has been injuriously affected by the district court's orders. We conclude the Unit lacks standing to pursue this appeal. Thus, anything we might say about the issues raised would be purely advisory, and we do not render advisory opinions. *In re Shatzka*, 2003 ND 147, ¶ 8, 669 N.W.2d 95. *See also Nodak Mut. Farm Bureau v. Kosmatka*, 2000 ND 210, ¶ 10, 619 N.W.2d 852; *Hurt v. Freeland*, 1997 ND 194, ¶ 6, 569 N.W.2d 266; *Sickler*

*v. Kirkwood,* 1997 ND 40, ¶ 5, 560 N.W.2d 532.

[¶ 7] The issues raised by the Unit were not raised in the district court. "[W]e will not address issues raised for the first time on appeal." *Bay v. State,* 2003 ND 183, ¶ 14, 672 N.W.2d 270. "One of the touchstones for an effective appeal on any proper issue is that the matter was appropriately raised in the trial court so it could intelligently rule on it." *State v. Osier,* 1999 ND 28, ¶ 14, 590 N.W.2d 205. "The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories." *Gonzalez v. Tounjian,* 2003 ND 121, ¶ 31, 665 N.W.2d 705.

[¶ 8] The appeal is dismissed.

[¶ 9] MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.

GERALD W. VANDE WALLE, C.J.

I concur in the result.