2007 ND 199

Cory CHRISTOFFERSON, Appellant

v.

NORTH DAKOTA DEPARTMENT OF HEALTH, Appellee.

No. 20070129.

Supreme Court of North Dakota.

Dec. 13, 2007.

Dean J. Haas, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for appellee.

Cory Christofferson, Tolna, ND, *pro se.*

CROTHERS, Justice.

[¶ 1] Cory Christofferson appeals a district court judgment affirming an order of the Department of Health finding that Christofferson is in violation of the Solid Waste Management and Land Protection Act and the Solid Waste Management Rules. We affirm the district court's judgment because the Department's factual findings are supported by a preponderance of the evidence, the conclusions of law are sufficiently supported by the factual findings, and the Department's decision is supported by the legal conclusions.

I

[¶ 2] Christofferson owns a farm in Benson County. In 1994, Christofferson began collecting used tires on his property. Christofferson obtained the tires through a tire disposal service he operates, charging a fee of approximately one dollar per tire. The tires were used to make fences, wind-breaks and outbuildings on the farm. Christofferson claims he is recycling the tires and is putting them to "beneficial use" as discussed in N.D. Admin. Code § 33–20–01.1–02(1)(e). Christofferson obtained a conditional permit to transport solid waste when beginning the project. The permit invokes both N.D.C.C. ch. 23–29 (Solid Waste Management and Land Protection Act) and N.D. Admin. Code art. 33–20 (Solid Waste Management Rules). The permit requires the disposal facility be "in compliance with applicable state and/or federal regulations." Christofferson received a similar permit in 2000 under the business name C.C. Recycling.

[¶ 3] Christofferson transported approximately 300,000 tires to his property between 1994 and 2004. The Department became concerned about the health, fire and mosquito risks associated with storing so many tires on the property. In 2004, the Department sought an order mandating removal of the tires from Christofferson's property over a three-year period. After an administrative hearing held September 19–20, 2005, the administrative law judge ("ALJ") determined Christofferson's activities did not fall within the "beneficial use" exception. Thus, standard solid waste regulations apply, including specific fire protection, environmental and operational requirements. Because Christofferson was not in compliance with the regulations, the ALJ recommended Christofferson cease collecting tires and develop a disposal plan for the existing tires. The Department adopted the ALJ's order, and Christofferson appealed to the district court. The notice of appeal, filed with assistance of an attorney, argued the ALJ did not follow the Administrative Agencies Practice Act and claimed the ALJ's factual findings were not supported by the evidence.

[¶ 4] Christofferson subsequently discharged his attorney and represented himself. He supplemented the previously filed notice of appeal with a "Memorandum of Points and Authorities" which added a claim of constitutional violations, made a counterclaim against the Department, and moved for change of venue. The district court issued an order concluding that as an appeal from an administrative agency decision, the procedure is governed by the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, which does not provide for the making of counterclaims on appeal. The court also denied Christofferson's motion for change of venue. Christofferson next submitted an amended brief which included several affidavits from his neighbors supporting his assertion that the tire collection is benign.

[¶ 5] In its memorandum opinion, the district court found Christofferson's constitutional arguments, chiefly that the Department does not have jurisdiction over land Christofferson owns, unpersuasive. The Department has authority "to regulate solid waste sites as [a] matter of public health and policy." The court also found Christofferson's activities are not included in the "beneficial use" exemption as set out in N.D. Admin. Code § 33–20–01.1–02(1)(e) because the tires are not "derived from a resource recovery activity." The district court held the affidavits of Christofferson's neighbors inadmissible as additional or excluded evidence under N.D.C.C. § 28–32–45. The district court ultimately affirmed the ALJ's decision finding that under N.D.C.C. § 28–32–46(1) the Department's order is in accordance with the law; (2) Christofferson's constitutional rights were not violated; (3) the Department followed the Administrative Agencies Practice Act; (4) Christofferson was given a fair hearing; (5) the findings of fact made by the ALJ were supported by a preponderance of the evidence; and (6) the conclusions of law are supported by the findings of fact. Christofferson filed a motion for stay of judgment pending appeal, which was denied.

[¶ 6] Christofferson appeals the Department's decision and the judgment issued by the district court. He claims the conclusion that the tire project was not a "beneficial use" as described by N.D. Admin. Code § 33–20–01.1–02(1)(e) is erroneous.

## II

[¶ 7] Our standard of review of administrative agency decisions is the same as that applied by the district court under N.D.C.C. § 28–32–46. *Lapp v. N.D. Dep't of Transp.*, 2001 ND 140, ¶ 6, 632 N.W.2d 419. The agency's decision will only be overturned if:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46. Administrative rulings are given great deference. *Wetzel v. N.D. Dep't of Transp.*, 2001 ND 35, ¶ 9, 622 N.W.2d 180. This Court does not substitute its judgment for that of the agency. *Id.*

[¶ 8] This Court generally uses a three-step process when reviewing an appeal from an administrative agency decision. *Obrigewitch v. Dir., N.D. Dep't of Transp.*, 2002 ND 177, ¶ 7, 653 N.W.2d 73. We consider whether the agency's findings of fact are supported by a preponderance of the evidence, whether the conclusions of law are sustained by the agency's findings of fact, and, finally, whether the agency's decision is supported by the conclusions of law. *Id.*

### III

[¶ 9] Christofferson argues his tire collection should be characterized as a "beneficial use" as defined by N.D. Admin. Code § 33–20–01.1–02(1)(e). Because "beneficial use" classification exempts waste management operations from the requirements of N.D.C.C. ch. 23–29 and N.D. Admin. Code art. 33–20, Christofferson claims the Department erred by finding him in violation of those provisions.

[¶ 10] Section 33–20–01.1–02(1)(e), N.D. Admin. Code, provides that operations involving the "beneficial use or reuse of materials, substances, energy, or other products derived from a resource recovery activity" are exempt from the requirements of N.D. Admin. Code art. 33–20. "Resource recovery" is defined as "the use, reuse, or recycling of materials, substances, energy, or products contained within or derived from municipal waste." N.D.C.C. § 23–29–03(13).

[¶ 11] Christofferson contends his tire collection is "resource recovery" because his chief motivation for collecting tires is to build inexpensive, durable fencing for an intensive grazing farming operation. He claims the electric fencing ordinarily used in such operations has not worked for him, so he started using fences made of tires.

[¶ 12] The Department alleged the tire disposal operation was not a "beneficial use" because of the potential financial and environmental liability involved in the ultimate disposal of the tires. The Department provided testimony from waste management experts claiming Christofferson's tire operation was not a legitimate resource recovery activity because the tires will ultimately have to be disposed of elsewhere. The Department claims that during an inspection of the property on February 3, 2004, Christofferson stated if he continues to experience financial difficulties he may abandon the property and the tires.

[¶ 13] The Department argued the fire, mosquito and rodent hazards associated with such a large number of tires are not consistent with "beneficial use." Terry Gray, an expert on the environmental impact of used tire disposal, testified about the detrimental impact tire fires have on the air, soil and ground water. Gray added tires stored above ground serve as attractive breeding areas for mosquitoes, which may increase the spread of diseases such as encephalitis and West Nile. Christofferson argues the Department's evidence regarding potential hazards contains "false statements" and "frivolous arguments" and contends such risks do not really exist. He complains the ALJ gave too much credibility to the Department's witnesses. Despite his argument, Christofferson does not explain why this is true and does not provide any evidence showing the Department's contentions are either false or frivolous.

[¶ 14] The ALJ found the department presented sufficient evidence of health risk and environmental risk. Acknowledging the tire collection may benefit Christoffer-

son's agricultural activities, the ALJ determined the tire collection does not serve as a "beneficial use" as defined by N.D. Admin. Code § 33–20–01.1–02(1)(e) because of the "accumulations in total, on human and animal health, the environment, and on local and state government, which may be ultimately financially responsible to dispose of the tires."

[¶ 15]  We hold the ALJ's factual findings are supported by a preponderance of the evidence.  The conclusion that Christofferson's operation is not a "beneficial use" under the Solid Waste Management Rules is supported by factual findings, as is the determination that Christofferson has not adequately followed the applicable solid waste management regulations.  Finally, the ultimate decision requiring Christofferson to begin disposing of the tires is supported by the legal conclusions.

### IV

 [¶ 16]  Christofferson raises three other issues on appeal that do not warrant full consideration by this Court.  First, he alleges the Department has committed libel.  Christofferson does not specify which of the Department's statements was libelous and does not cite any law on the matter.  Further, Christofferson did not raise this issue before the Department or the district court.  "This Court does not address issues raised for the first time on appeal."  *Bienek v. N.D. Dep't of Transp.*, 2007 ND 117, ¶ 16, 736 N.W.2d 492.  Second, Christofferson claims his failure in this case is due to his pro se status and lack of understanding of administrative law.  This argument fails because "[a] pro se litigant is not granted leniency solely because of his status as such."  *State v. Hilgers*, 2004 ND 160, ¶ 19, 685 N.W.2d 109.  Finally, Christofferson complains his case was not reviewed by a jury.  This argument also fails because N.D.C.C. § 28–32–43 requires that administrative appeals are to be heard by the court without a jury.

### V

[¶ 17]  We affirm the district court's judgment because the Department's factual findings are supported by a preponderance of the evidence, the Department's conclusions of law are sufficiently supported by the factual findings, and the Department's decision is supported by the legal conclusions.

[¶ 18] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.