2009 ND 135

**In the Matter of the Emelia HIRSCH, June 9, 1994, Irrevocable Trust**

**Timothy Betz, Appellant**

v.

**Emelia A. Hirsch, aka Emelia Hirsch, aka Emilia Hirsch, Carolyn Twite and Duane Hirsch, Appellees.**

**No. 20080209.**

Supreme Court of North Dakota.

July 16, 2009.

Rehearing Denied Aug. 24, 2009.

Theresa L. Cole, American Legal Services, P.C., Bismarck, N.D., for appellant.

Sheldon A. Smith, Smith Bakke Porsborg & Schweigert, Bismarck, N.D., for appellee Emelia A. Hirsch.

Richard B. Baer (appeared), Richard B. Baer, P.C., Bismarck, N.D., for appellees Carolyn Twite and Duane Hirsch.

CROTHERS, Justice.

[¶ 1] Timothy Betz appealed from a district court order reforming a trust. Because we do not consider issues raised for the first time on appeal, we affirm the district court's order. We decline, however, to award attorney fees or costs under N.D.R.App.P. 38 for a frivolous appeal.

I

[¶ 2] In 1994, the "Emelia Hirsch June 9, 1994, Irrevocable Trust" was created, and Emelia Hirsch transferred assets to the trust. The stated purpose of the trust was "to supplement any benefits received (or for which Settlors may be or become eligible) through or from various governmental assistance programs and not to supplant any such benefits." The beneficiaries of the trust were Emelia Hirsch's three children, Carolyn Twite, Marlene Betz, and Duane Hirsch, and her ten grandchildren, including Timothy Betz. The trust named Carolyn Twite and Duane Hirsch as co-trustees. When disputes subsequently arose over the administration of the trust, Marlene Betz was added as a third co-trustee. Ultimately, the children were removed as trustees, and the court appointed professionals to act as trustees.

[¶ 3] The trust has become the source of protracted litigation and has caused a rift between two factions within the family. Emelia Hirsch, Carolyn Twite and her children, and Duane Hirsch and his children contend that Emelia Hirsch did not understand the terms of the irrevocable trust and that she never intended to give up control of her property during her lifetime. Marlene Betz and her children contend that the original trust is irrevocable and that they are entitled to benefits under the terms of the trust.

[¶ 4] In an affidavit, Emelia Hirsch explained her intent in creating the trust:

"5. That as Trustor I appointed Carolyn F. Twite and Duane J. Hirsch Co–Trustees of the Trust. However, the Co–Trustees had no knowledge of the actual provisions of the Trust. I did not disclose any information to any of my children regarding the Trust as I did not feel it was any of their business to know what my assets (personal property, real estate and investments) and business matters were. It was my intent that only upon my death, or in the event that I could not mentally make decisions, that my co-trustees would step in and make decisions for me and help control my business and personal matters.

"6. Since the time of discovery of the Trust my family has been torn apart with a minority of the family making demands for financial payments and for me to turn over my assets and possessions, including personal property and real estate. At no time did I ever intend to extend to them my possessions or assets in any form or give them access in any manner except as I determined them to be distributed.

"7. At no time was the Trust meant to be an outright distribution of my trust assets to my children and my grandchildren in the manner in which it is now being interpreted and my possessions distributed. At all times I desired to maintain total control of my personal and financial matters without interference from my family or the Court.

"8. At all times during preparation and signing of the Trust it was my understanding that I would have total control of all my assets and financial matters and could continue operating my business as I have always done—with me making all my decisions without interference from anyone.

"9. I had no understanding that the beneficiaries of the Trust were to receive funds during my lifetime. I only intended that upon my death my heirs and beneficiaries would receive the trust assets, if there would be any remaining after my death.

. "10. There was no clear distinction made to me by my attorney regarding the function of the trust as revocable vs. irrevocable. I did not fully understand the meaning of "irrevocable" and as such could not appreciate the ramifications of a trust being irrevocable. It was never my intention to create a trust which I could not alter or amend.

"11. If I had fully understood the content, restrictions and limitations of the Trust, I would not have agreed to enter into it nor would I have transferred property to the Trust.

"12. I have always strongly believed that I should be able to be in total control of all my personal and financial matters and would never give up my control to anyone, including a trustee. It was always my intent that I have total control of my ass[e]ts, both personal property and real property."

The attorney who drafted the trust was ultimately disciplined for failing to adequately explain the provisions and effect of the trust to Emelia Hirsch. *See In re Secrest*, 2004 ND 180, 687 N.W.2d 251.

[¶ 5] In 2003, Emelia Hirsch petitioned the district court for dissolution of the trust. Several years of litigation followed, with the Betzes displaying an unwillingness to follow appropriate court procedures. Rather than filing appropriate pleadings, Marlene Betz and Timothy Betz on multiple occasions wrote letters directly to the district court judge and were repeatedly cautioned by court staff that ex parte communications with the court were improper. For example, in response to a letter to the judge from Timothy Betz, a court staff member wrote:

"We have received your letter. The Judge is not able to receive ex parte communications, that is, communication from one party without the other party being represented. Judges cannot advise or take action on behalf of one party. Anything sent to the Court must be sent to all parties.

"You may want to seek professional legal advice. Judges cannot be legal advisors.

"I am placing your letter in the file."

Despite this and similar admonitions, the Betzes continued to ignore proper court procedures.

[¶ 6]  On April 17, 2008, Carolyn Twite and Duane Hirsch moved to reform the trust from an irrevocable trust to a revocable trust, thereby restoring control to Emelia Hirsch and attempting to avoid serious tax consequences which had been identified with the irrevocable trust.  In the alternative, they moved to divide the trust into two separate trusts, effectively splitting the property between the Twite/Hirsch and Betz factions of the family.  Marlene Betz responded to the motion with a long and rambling letter addressed to the judge, the parties and their attorneys.  Timothy Betz did not respond to the motion.

[¶ 7]  A hearing on the motion was held on May 2, 2008.  Timothy Betz and Marlene Betz did not appear and were not represented by counsel.  In a colloquy with Emelia Hirsch's attorney during the hearing, the court noted that Marlene Betz's letter was not a proper pleading:

"MR. SMITH: And nobody has objected to [the motion], to my knowledge, other than the letter from Marlene Betz, which I believe the Court has, which I don't think factually responds to the allegations.

"THE COURT: I'm not sure it's a pleading in this case.  Letters to a file aren't really pleadings in a case.  And I can't represent anyone's interest here.  I am aware there are letters in the file."

[¶ 8]  The court granted the motion to reform the trust, but directed Emelia Hirsch's attorney to draft a proposed reformed trust and send copies to the court and counsel for comment.  The court further required that copies be provided to each beneficiary, with an opportunity for them to comment or object to the proposed reformation of the trust.  The court expressly directed Emelia Hirsch's attorney to include in the notice to the beneficiaries language indicating that they must file any objections with the court and serve it upon counsel within ten days, that any objection must be in the form of a pleading and that correspondence or faxed letters would not be acceptable.  Emelia Hirsch drafted a proposed revised trust and served copies on the beneficiaries.  Included with the proposed revised trust was a written notice which, in accordance with the court's instructions, included the following directive:

"*Legal Objection Status.*  For the Court to consider the objection the following format must be complied with:

"a.   That any objection is in a legally sufficient form that complies with North Dakota law for pleading purposes.  Faxed or mailed letter will not be acceptable."

Marlene Betz again responded with a letter to the court and counsel.  Timothy Betz did not respond.

[¶ 9]  On July 16, 2008, the district court entered its order reforming the trust and approving the proposed revised trust.  Timothy Betz appealed, alleging that there was not clear and convincing evidence Emelia Hirsch's intent and the terms of the trust were affected by a mistake of fact or law and that the district court erred in

granting reformation of the trust. Emelia Hirsch, Carolyn Twite and Duane Hirsch contend the appeal is frivolous and seek an award of attorney fees and single or double costs for the appeal.

## II

[¶ 10] Timothy Betz argues that there was not clear and convincing evidence Emelia Hirsch's intent and the terms of the trust were affected by a mistake of fact or law and that the district court erred in granting "rescission/termination" of the trust.

[¶ 11] Carolyn Twite and Duane Hirsch filed their motion for reformation of the trust on April 17, 2008. Timothy Betz did not file a responsive pleading to the motion, did not appear personally or through counsel at the hearing on the motion and did not present any evidence or argument in opposition to the motion. He did not respond to or challenge Emelia Hirsch's affidavit, in which she expressly stated that the trust did not comport with her intent or understanding, that the drafting attorney did not inform her of the trust's ramifications and that she would not have entered into the trust if she had understood its contents. When given an additional opportunity to object when receiving the proposed revised trust after the May 2, 2008 hearing, Timothy Betz again failed to respond. On appeal, however, Timothy Betz attempts to argue that there was not clear and convincing evidence Emelia Hirsch's intent and the terms of the trust were affected by a mistake of fact or law.

[¶ 12] "It is axiomatic that an issue or contention not raised or considered in the lower court cannot be raised for the first time on appeal." *Rutherford v. BNSF Ry. Co.*, 2009 ND 88, ¶ 13, 765 N.W.2d 705 (quoting *John T. Jones Constr. Co. v. City of Grand Forks*, 2003 ND 109, ¶ 18, 665 N.W.2d 698); *State ex rel. North Dakota Dep't of Labor v. Riemers*, 2008 ND 191, ¶ 27, 757 N.W.2d 50 (quoting *John T. Jones*, at ¶ 18); *see also Christofferson v. North Dakota Dep't of Health*, 2007 ND 199, ¶ 16, 742 N.W.2d 799; *Heng v. Rotech Med. Corp.*, 2006 ND 176, ¶ 9, 720 N.W.2d 54. We only consider issues that were first presented to the district court, *Riemers*, at ¶ 27, and, "if a party fails to properly raise an issue or argument before the district court, the party is precluded from raising that issue or argument on appeal." *Rutherford*, at ¶ 28; *In re R.A.S.*, 2008 ND 185, ¶ 12, 756 N.W.2d 771; *Hanson v. Boeder*, 2007 ND 20, ¶ 15, 727 N.W.2d 280.

[¶ 13] We have explained the rationale for the rule:

> "One of the touchstones for an effective appeal on any proper issue is that the matter was appropriately raised in the trial court so it could intelligently rule on it. The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories."

*Heng*, 2006 ND 176, ¶ 9, 720 N.W.2d 54 (quoting *Chapman v. Chapman*, 2004 ND 22, ¶ 7, 673 N.W.2d 920); *see also Hanson*, 2007 ND 20, ¶ 15, 727 N.W.2d 280; *Gonzalez v. Tounjian*, 2003 ND 121, ¶ 31, 665 N.W.2d 705. As we noted in *Gonzalez*, at ¶ 31 (quoting *Messer v. Bender*, 1997 ND 103, ¶ 10, 564 N.W.2d 291), "it is 'fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider.'"

[¶ 14] Timothy Betz failed to properly present to the district court the issues and arguments he now seeks to raise on appeal. We will not consider these issues raised for the first time on appeal.

## III

[¶ 15] Emelia Hirsch, Carolyn Twite and Duane Hirsch contend the appeal is frivolous and seek an award of attorney fees and single or double costs for the appeal. Under N.D.R.App.P. 38, this Court "may award just damages and single or double costs, including reasonable attorney's fees," if an appeal is frivolous. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith." *B.L.L. v. W.D.C.*, 2008 ND 107, ¶ 12, 750 N.W.2d 466 (quoting *Healy v. Healy*, 397 N.W.2d 71, 76 (N.D.1986)); *see also Siewert v. Siewert*, 2008 ND 221, ¶ 37, 758 N.W.2d 691; *Solem v. Solem*, 2008 ND 211, ¶ 18, 757 N.W.2d 748; *Lucas v. Porter*, 2008 ND 160, ¶ 28, 755 N.W.2d 88.

[¶ 16] We conclude the appeal is not frivolous, and we therefore decline to award attorney fees or costs under N.D.R.App.P. 38.

## IV

[¶ 17] The district court order reforming the trust is affirmed.

[¶ 18] BRUCE E. BOHLMAN, S.J. and CAROL RONNING KAPSNER, J., concur.

[¶ 19] The Honorable BRUCE E. BOHLMAN, S.J., sitting in place of SANDSTROM, J., disqualified.

MARING, Justice, concurring in the result.

[¶ 20] I concur in the affirmance of the district court's order reforming the irrevocable trust to a revocable trust. In this case, Timothy Betz did not by formal pleading or by informal letter object to the motion of Carolyn Twite and Duane Hirsch to reform the trust. The district court provided Timothy Betz with the opportunity to object and to appear in opposition, but the record indicates he did not do so.

[¶ 21] We have said "[a]lthough a party who fails to respond or make an appearance assumes a substantial risk that the trial court will act favorably on the motion, the moving party has the burden of demonstrating to the trial court's satisfaction that he is entitled to the relief requested." *Follman v. Upper Valley Special Educ. Unit*, 2000 ND 72, ¶ 15, 609 N.W.2d 90 (quoting *City of Grand Forks v. Zejdlik*, 551 N.W.2d 772, 774 (N.D.1996)); *see* Rule 3.2(c), N.D.R.Ct. (stating "[e]ven if an answer brief is not filed, the moving party must still demonstrate to the court that it is entitled to the relief requested."). In this case, Emelia Hirsch provided an affidavit which supported the movants', Carolyn Twite and Duane Hirsch, contention that Emelia Hirsch never intended to create an irrevocable trust and which the district court could rely on to find clear and convincing evidence of the intent and mistake of fact or law necessary to conclude the trust should be reformed. *See* N.D.C.C. § 59–12–15 (providing a court may reform the terms of a trust to conform to the settlor's intention "if it is proved by clear and convincing evidence that both the settlor's intent and the terms of the trust were affected by a mistake of fact or law, whether in expression or inducement.").

[¶ 22] For this reason, I concur in the result of the Majority opinion.

[¶ 23] GERALD W. VANDE WALLE, C.J., concur.