# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 39

In the Interest of A.P., a child

| | |
|---|---|
| State of North Dakota, | Petitioner |
| v. | |
| A.P., child; S.P., mother; B.P., father; and | Respondents |
| D.L.W., grandmother; M.W., grandfather; and | Interested Parties |
| Karena Jensen, foster mother; and Keith Jensen, foster father; | Interested Parties and Appellants |

## No. 20220201

Appeal from the Juvenile Court of Williams County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

DISMISSED.

Opinion of the Court by Bahr, Justice.

Thomas E. Kalil, Williston, ND, for interested parties and appellants.

**Bahr, Justice.**

[¶1]   Karena and Keith Jensen ("Jensens"), as foster parents for A.P., appeal from a juvenile court's order denying their motion to modify and order approving a transition plan. Because the Jensens are not "aggrieved parties" under N.D.C.C. § 27-20.2-26(1), we dismiss the appeal.

I

[¶2]   In 2018, A.P., born in 2013, was taken into protective custody and placed in the temporary care, custody, and control of Williams County Social Services, n/k/a North Star Human Service Zone ("North Star"). In August 2018, A.P. was placed with the Jensens, as foster parents, and had been in their care since.

[¶3]   In August 2021, after discovering North Star intended to transfer A.P. from their home to the maternal grandparents' home in Florida, the Jensens moved the juvenile court to prevent the transfer without a reasonable transition period. The court subsequently entered an emergency order for protective custody, granting the minor child to remain in the custody of the foster parents until further order of the court.

[¶4]   In October 2021, the Jensens moved the juvenile court to modify the amended juvenile permanency hearing order. They sought to modify the care, custody, and control of A.P. from North Star to the Jensens, asserting North Star had failed to act in the best interests of the minor child. The State responded opposing the motion to modify.

[¶5]   In December 2021, the juvenile court held a hearing to determine a reasonable period of time to facilitate a beneficial transition for the child and on the Jensens' motion to modify. The hearing was continued and concluded at a later date. On June 24, 2022, the court entered its order denying the Jensens' motion and approving the transition plan.

[¶6]   The right to appeal is statutory, and if no statutory basis exists for an appeal, this Court lacks jurisdiction and must dismiss the appeal. *In re Guardianship of S.M.H.*, 2021 ND 104, ¶ 8, 960 N.W.2d 811. "The right to appeal is a jurisdictional matter which we may consider sua sponte." *In re J.K.M.*, 557 N.W.2d 229, 230 (N.D. 1996) (quoting *Johnson v. King*, 325 N.W.2d 254, 256 (N.D. 1982)). Generally, in juvenile matters, courts have held the statute governs the persons who are accorded the right to appeal. *See* 43 C.J.S. *Infants* § 178 (February 2023 Update).

[¶7]   Section 27-20.2-26(1), N.D.C.C., governs the right to appeal in juvenile matters, stating: "An *aggrieved party*, including the state or a subdivision of the state, may appeal from a final order, judgment, or decree of the juvenile court to the supreme court by filing written notice of appeal . . . ." (Emphasis added.) Therefore, to appeal under N.D.C.C. § 27-20.2-26(1), the Jensens must be "aggrieved parties" and the order they have appealed must be a "final order." Whether the Jensens are "aggrieved parties" under the statute is dispositive of this appeal.

[¶8]   This Court has defined the term "aggrieved party" when used in a statute providing for an appeal of an order or judgment:

> An aggrieved party is one who has some legal interest that may be enlarged or diminished by the appealed decision. The party's interest must be immediately, directly, and adversely affected, and an effect that is contingent or indirect, or that results merely in some possible, remote consequence, is insufficient. *See also Black's Law Dictionary* 1297 (10th ed. 2014) ("aggrieved party" is "a party whose personal, pecuniary, or property rights have been adversely affected by another person's actions or by a court's decree or judgment").

*Cossette v. Cass Cnty. Joint Water Res. Dist.*, 2017 ND 120, ¶ 13, 894 N.W.2d 858 (cleaned up) (quoting *Treiber v. Citizens State Bank*, 1999 ND 130, ¶ 5, 598 N.W.2d 96); *cf. Chapman v. Chapman*, 2004 ND 22, ¶ 6, 673 N.W.2d 920 (concluding child support enforcement unit lacked standing to appeal orders

when it was not a party to the litigation before the district court, had not shown a contractual assignment of rights, and had not shown it had been injuriously affected by the orders).

[¶9] For juvenile matters, N.D.C.C. § 27-20.2-27 provides this Court "may adopt rules of procedure governing proceedings under this chapter." This Court adopted the Rules of Juvenile Procedure, which "govern the procedure in all actions conducted under the Juvenile Court Act, N.D.C.C. chs. 27-20.2, 27-20.3, and 27-20.4, and under N.D.C.C. ch[.] 27-20.1 on guardianship of a child." N.D.R.Juv.P. 1. These rules "must be construed and administered to protect the best interests of children and to address the unique characteristics and needs of children." *Id.*

[¶10] "When we interpret a court rule, we apply principles of statutory construction to ascertain intent." *In re J.D.F.*, 2010 ND 160, ¶ 11, 787 N.W.2d 738. "We look at the language of the rule first and give words their plain, ordinary, and commonly understood meaning to determine intent." *Id.*

[¶11] Rule 3(b), N.D.R.Juv.P., defines who are "[p]arties" under the rules governing juvenile court proceedings: "Parties include the petitioner, the child, parents, guardian, or custodian of the child, if any, and *any person that the court allows to intervene as a party*." (Emphasis added.) *See also* N.D.C.C. § 27-20.3-01(7) ("'Custodian' means a person, other than a parent or legal guardian, which stands in loco parentis to the child and a person to which legal custody of the child has been given by order of a court.").

[¶12] Under N.D.R.Juv.P. 4, captioned "Interested Persons," a child's foster parents are included in a list of "persons" allowed to "participate" in juvenile matters. Rule 4, N.D.R.Juv.P., specifically states:

> Persons *who may participate* in a juvenile matter include:
> (1) the parties as defined in Rule 3(b);
> (2) the child's guardian ad litem;
> (3) the victim to the extent required by N.D. Const. Art. I, § 25 in a delinquency case, if requested by the victim;
> (4) in the case of an Indian child, and in accordance with N.D.C.C. § 27-20.2-15 and the Indian Child Welfare Act of 1978 [25 U.S.C.

3

§§ 1901 through 1963], the child's Indian custodian and Indian tribe through the tribal representative;
(5) in the case of a foster child, *the child's foster parents*, pre-adoptive parents and relatives providing care for the child;
(6) any other person who is named by the court to be important to a resolution that is in the best interests of the child.

(Emphasis added.)

[¶13] While N.D.R.Juv.P. 4, provides for additional "[p]ersons who may participate in a juvenile matter," this rule makes a distinction between "parties as defined in Rule 3(b)" and other listed "[p]ersons who may participate," including "foster parents." *Compare* N.D.R.Juv.P. 4(1), (5) *with* N.D.R.Juv.P. 3(b). The minutes of the Joint Procedure Committee state "that the term 'parties' was defined in Rule 3" and "that this definition had been a major area of contention when the [Juvenile Policy] Board was drafting the rules and the resulting definition was the product of extensive discussion among the Board's members." *Minutes of the Joint Procedure Comm.* 12 (May 21-22, 2009). "Rule 4, relating to interested persons, supplemented the definition of 'parties' by listing the other persons who could participate in a juvenile court matter." *Id.*

[¶14] Rule 4, N.D.R.Juv.P., unambiguously demonstrates foster parents are not "parties" under Rule 3(b). If they were, they would fall under Rule 4(1) and not need to be separately listed as a person who may participate in Rule 4(5).

[¶15] This distinction between "parties" and "persons who may participate" is also present in other rules of juvenile procedure. Rule 14(a), N.D.R.Juv.P., provides the requirements and motions a party may bring:

(1) *Requirements*. Every motion must be in writing, state with particularity the grounds, be signed by the person making the motion and filed with the court unless it is made in court and on the record.
(2) *Motions Allowed*.
(A) A party may raise by motion any defense, objection, or request that the court can determine without an adjudication of the general issue.

(B) A party may bring a motion to dismiss the petition upon any of the following grounds:
  (i) lack of jurisdiction over the subject matter;
  (ii) lack of jurisdiction over the child; or
  (iii) failure of the petition to state facts which, if proven, establish a prima facie case to support the grounds set forth in the petition.
(C) A party may move to modify or vacate an order under Rule 16.

*See also* N.D.R.Juv.P. 15(a), (b) (providing the requisite notice a party must receive and also serve, and requiring the state to notify the child's foster parents whenever any proceeding is held with respect to the child).

[¶16] Rule 15, N.D.R.Juv.P., distinguishes between parties and foster parents. Rule 15(a) provides "a written order, decision or judgment in a juvenile matter . . . must be served on all *parties* . . . ." (Emphasis added.) Similarly, Rule 15(b) provides a "*party* seeking review or modification of an existing order must serve notice under Rule 7 of any hearing or proceeding on all *parties*." (Emphasis added.) Yet Rule 15(c) provides when the matter involves "a child in foster care under the responsibility of the state, the state must notify the child's foster parents . . . whenever any proceeding is held with respect to the child." If foster parents were "parties" under Rule 3(b), separate notice by the State would not be required.

[¶17] Rule 16, N.D.R.Juv.P., addresses mandatory vacation and discretionary modification of orders, and N.D.R.Juv.P. 16(c) maintains this distinction between "parties" and "others" allowed to move the juvenile court for relief under the rule:

**(c) Motion for Relief**. *Any party to the proceeding*, the director of juvenile court *or other person* having supervision or legal custody of or an interest in the child may move the court for the relief provided in this rule. The motion must set forth in concise language the grounds on which relief is requested.

(Emphasis added.)

5

[¶18] The plain language of N.D.C.C. § 27-20.2-26(1) only states an "aggrieved party" may appeal a final order of the juvenile court. The statute does not provide that an "aggrieved interested person" may appeal. Construing N.D.C.C. § 27-20.2-26(1), allowing an "aggrieved party" to appeal, with N.D.R.Juv.P. 3(b), defining "parties" for the juvenile procedure rules, and N.D.R.Juv.P. 4(5), allowing foster parents to "participate" in a juvenile matter as interested persons, we conclude foster parents must specifically be granted intervention as "parties" under N.D.R.Juv.P. 3(b) to be considered an "aggrieved party" under N.D.C.C. § 27-20.2-26(1).

[¶19] Here, the Jensens filed two motions in the juvenile court, the first an Emergency Motion for Protective Order dated August 24, 2021, and the second a Motion to Modify Order dated October 8, 2021. In the second motion, the Jensens moved the court for an order modifying "the Amended Juvenile Permanency Hearing order dated July 21, 2021," and stated the "Foster Parents ask[] the Court to order that they be awarded the care, custody and control of the minor child, [A.P.]." This motion resulted in the June 2022 Order Denying Motion to Modify and Order Approving Transition Plan, which is the order presently on appeal.

[¶20] In its June 2022 order, the juvenile court described the issues as "whether to approve the State's transition plan or to reject the same and approve the motion to allow placement with the foster parents." The court identified N.D.C.C. § 27-20.3-15 as "the pertinent statute at issue," and approved the State's transition plan, deciding to proceed with the State's plan to transition the child's daily care from the foster home to the maternal grandparents. The court ultimately denied the Jensens' motion to modify.

[¶21] The Jensens assert their motion to modify was sufficient for them to intervene as parties. Nevertheless, the Jensens did not seek to intervene as parties under N.D.R.Juv.P. 3(b), but rather only moved the juvenile court, as foster parents, to modify the care, custody and control of A.P. *See* N.D.R.Juv.P. 16(c) ("Any party to the proceeding, the director of juvenile court or *other person* having supervision or legal custody of or an interest in the child may move the court *for the relief provided in this rule*." (emphasis added)). On this

record, the Jensens are not "parties" as defined under N.D.R.Juv.P. 3(b), and, therefore, not "aggrieved parties" under N.D.C.C. § 27-20.2-26(1). We dismiss the appeal.

III

[¶22] The appeal is dismissed.

[¶23] Jon J. Jensen, C.J.
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte
  Douglas A. Bahr