# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 27

Nickolette Keller,

Plaintiff, Appellant, and Cross-Appellee

v.

Michael Keller,

Defendant, Appellee, and Cross-Appellant

and

State of North Dakota,

Statutory Real Party in Interest

### No. 20230258

Appeal from the District Court of Oliver County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Justin D. Hager, Bismarck, ND, for plaintiff, appellant, and cross-appellee.

Chad C. Nodland, Bismarck, ND, for defendant, appellee, and cross-appellant.

**Bahr, Justice.**

[¶1]   Nickolette Keller appeals an order finding her in contempt. Michael Keller cross-appeals challenging the amount of the award of attorney's fees. He also requests an award of attorney's fees on appeal. We affirm the district court's order finding Nickolette Keller in contempt and the award of attorney's fees to Michael Keller. We deny Michael Keller's request for attorney's fees on appeal.

I

[¶2]   Nickolette Keller and Michael Keller divorced in 2015. The divorce judgment gives Michael Keller the right to claim the parties' oldest child for tax purposes; it gives Nickolette Keller the right to claim the parties' younger child for tax purposes. The judgment further provides, "Neither party shall take any action that would affect their right to claim said exemption and they shall execute any necessary documents, including waivers, to permit said exemption to be claimed in accordance herewith."

[¶3]   In early 2023, Michael Keller attempted to obtain an IRS form from Nickolette Keller necessary for him to claim their older child on his taxes. Michael Keller received a letter, written by the child, indicating the child would be filing his own taxes. Included with the letter was Nickolette Keller's unsigned IRS form. Nickolette Keller knew the child was sending the letter, having told the child "he needed to let his dad know that he was filing his own taxes," and having addressed the envelope to mail the letter. After receiving the letter, Michael Keller and Nickolette Keller exchanged text messages where Michael Keller stated, "Good morning. I would greatly appreciate getting that tax form signed and sent back to me so I can do my taxes. You are able to get a copy at any accountant[']s office or possibly the post office." In the message, he further stated, "I am sitting in my attorney[']s office and we are trying to get this resolved." Nickolette Keller responded, "I will not go against

our son, he wants to claim his ow[n] taxes since he worked all year. From what I understand that is his choice."

[¶4] Michael Keller served, then filed, a motion for contempt; after service of the motion, Nickolette Keller signed and sent the IRS form to Michael Keller. The district court held a contempt hearing, found Nickolette Keller in contempt, and ordered her to pay Michael Keller's attorney's fees up to when she provided the form to Michael Keller.

II

[¶5] Nickolette Keller argues she did not willfully violate the judgment, or that any violation was excusable.

[¶6] "Under N.D.C.C. § 27-10-01.1(1)(c), '[c]ontempt of court' includes '[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer.' To warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order." *Orwig v. Orwig*, 2022 ND 29, ¶ 12, 970 N.W.2d 179 (quoting *Prchal v. Prchal*, 2011 ND 62, ¶ 5, 795 N.W.2d 693). "The district court has broad discretion in making contempt decisions. We will only disturb a district court's contempt determination if the court abused its discretion." *Jacobs-Raak v. Raak*, 2020 ND 107, ¶ 21, 942 N.W.2d 879 (internal citation omitted) (quoting *Rath v. Rath*, 2017 ND 128, ¶ 9, 895 N.W.2d 306). "A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner; its decision is not the product of a rational mental process leading to a reasoned determination; or it misinterprets or misapplies the law." *Id.* (quoting *Rath*, at ¶ 9). "This Court's review of a district court's determination on contempt is very limited." *Booen v. Appel*, 2017 ND 189, ¶ 24, 899 N.W.2d 648.

[¶7] In its order, the district court noted both parties have "displayed a contentious posture throughout the history of this case." The court found Nickolette Keller indicated to Michael Keller on two occasions, once through the parties' eldest child and a second time through her text, that she would not provide the requested IRS form. The court further found Nickolette Keller did not provide Michael Keller the requested form until after Michael Keller served

2

her with the motion for contempt, and that Nickolette Keller's refusal to sign the form resulted in Michael Keller incurring the expenses of preparing a motion for contempt.

[¶8] The district court heard the testimony and was in the best position to determine the parties' credibility and intentions. *See Prchal*, 2011 ND 62, ¶ 8 (noting it is the district court's responsibility to weigh the witnesses' credibility when addressing a motion for contempt); *Cook v. Jacklitch & Sons, Inc.*, 315 N.W.2d 660, 664 (N.D. 1982) (stating intent is a factual issue to be determined by the court as the trier of fact). Nickolette Keller directed the parties' son to send the letter stating he would be filing his own taxes. Included in the envelope was Nickolette Keller's unsigned IRS form. Nickolette Keller also unequivocally indicated she would not go against her son filing his own taxes. Based on these facts and the entire record, we conclude the court's decision is not arbitrary, capricious, or unreasonable, is the product of a rational mental process leading to a reasoned decision, and is not a misapplication of the law. Therefore, we hold the court did not abuse its discretion in finding Nickolette Keller in contempt. *Cf. Orwig*, 2022 ND 29, ¶ 14 (concluding "the district court did not abuse its discretion after finding [the appellant] willfully and intentionally disobeyed the judgment when she refused to even discuss an exchange of the property items awarded under the divorce judgment").

## III

[¶9] Michael Keller cross-appeals, arguing the district court abused its discretion when it did not award him the full amount of attorney's fees.

[¶10] "A district court's decision on attorney's fees is reviewed under the abuse of discretion standard." *Dogbe v. Dogbe*, 2023 ND 133, ¶ 13, 993 N.W.2d 491 (quoting *Sorum v. State*, 2020 ND 175, ¶ 57, 947 N.W.2d 382). "Discretion is abused when the court 'acts in an arbitrary, unreasonable, or unconscionable manner or when it misapplies the law.'" *Id.* (quoting *Sorum*, at ¶ 14).

[¶11] The district court found Nickolette Keller provided Michael Keller and his attorney the IRS form on April 7, 2023, before the date of the hearing. The court noted the hearing went "forward even though the object of the alleged

3

contempt had been resolved." As noted by the court, Michael Keller proceeded with the hearing in an effort "to remedy the need for him to hire counsel and proceed with the contempt motion in an effort to obtain the signed tax form, which he did finally receive." Although the court could have awarded Michael Keller all of his attorney's fees, the court's decision not to award Michael Keller's attorney's fees incurred after Nickolette Keller cured the contempt was not arbitrary, unreasonable, unconscionable, or a misapplication of the law. *See Booen*, 2017 ND 189, ¶ 31 (concluding the district court did not abuse its discretion in awarding the successful party in a contempt proceeding fifty percent of his attorney fees). Therefore, we hold the court did not abuse its discretion in not awarding Michael Keller attorney's fees after Nickolette Keller provided him the IRS form.

IV

[¶12] Michael Keller requests an award of attorney's fees on appeal. However, his brief cites no authority for his request. He also does not argue Nickolette Keller's appeal is frivolous. *See* N.D.R.App.P. 38 (providing the Court may award attorney's fees if it "determines that an appeal is frivolous"). Rather, he simply requests "an award of attorney fees and costs for having to defend against this appeal."

[¶13] "We do not consider arguments that are not adequately articulated, supported, and briefed." *Kaspari v. Kaspari*, 2023 ND 207, ¶ 9, 997 N.W.2d 621 (quoting *Trosen v. Trosen*, 2022 ND 216, ¶ 33, 982 N.W.2d 527). We hold Michael Keller did not adequately brief his request for attorney's fees on appeal and, therefore, deny Michael Keller's request for attorney's fees on appeal.

V

[¶14] Having considered the parties' other arguments, we conclude they are unnecessary to the decision or are without merit. We affirm the order and deny Michael Keller's request for attorney's fees on appeal.

[¶15] Jon J. Jensen, C.J.
       Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte

Douglas A. Bahr