# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2025 ND 79

In the Matter of the Emelia Hirsch, June 9, 1994, Irrevocable Trust

| | |
|---|---|
| Timothy Betz, | Respondent, Appellee, and Cross-Appellant |
| v. | |
| Emelia A. Hirsch, aka Emelia Hirsch, aka Emilia Hirsch, Carolyn Twite and Duane Hirsch, | Petitioners and Appellees |
| and | |
| Marlene Betz, | Interested Party, Appellant, and Cross-Appellee |
| and | |
| Allen Betz, | Interested Party |

### No. 20240313

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bobbi B. Weiler, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice, in which Justices McEvers and Bahr joined. Justice Crothers filed a concurring opinion, in which District Judge Cruff joined.

Timothy R. Betz, self-represented, Fayetteville, North Carolina, respondent, appellee, and cross-appellant; submitted on brief.

Sheldon A. Smith and Tyler J. Malm, Bismarck, North Dakota, for petitioners and appellees; submitted on brief.

Marlene M. Betz, self-represented, Burnsville, Minnesota, interested party, appellant, and cross-appellee; submitted on brief.

**Tufte, Justice.**

[¶1]   Marlene Betz appeals from a district court order finding her in contempt and imposing a fine. On appeal, Marlene Betz argues the district court abused its discretion by finding her in contempt. The trustees seek costs and attorney's fees on appeal. We affirm the district court order and award double costs and attorney's fees.

I

[¶2]   On December 30, 2019, Marlene Betz was found to be a vexatious litigant, and she is subject to a pre-filing order issued by the district court in accordance with N.D. Sup. Ct. Admin. R. 58. The pre-filing order against Marlene Betz was upheld by this Court in *Matter of Emelia Hirsch Trust*, 2020 ND 129, 944 N.W.2d 334.

[¶3]   The district court issued an order on October 24, 2023, notifying Marlene Betz, Allen Betz, and Timothy Betz, who are all subject to pre-filing orders, that continued filings raising previously litigated issues would result in a contempt hearing. After an additional filing by Timothy Betz, the district court held an order to show cause hearing on December 6, 2023. All parties received notice of the hearing. The court issued an order entitled "contempt order" on December 11, 2023, naming Marlene Betz, Allen Betz, and Timothy Betz, and clearly stating that failure to comply with the pre-filing orders would result in a $1,000 fine for each violation. The court specifically explained: "The Betzs may file an application seeking leave to file new documents containing their substantive arguments, but they may not continue to file new documents and simply label them 'Application to File.'" This "contempt order" was served on Marlene Betz.

[¶4]   On September 11, 2024, Marlene Betz filed an "application to file a motion for a court order for distribution of the Emelia Hersch Trust" requesting an audit of the trust, court-ordered distribution of the trust, and a court order requiring the trustees to deliver a copy of the trust. The district court found Marlene Betz

1

in contempt of court and fined her $1,000. Marlene Betz appeals. This Court issued a notice regarding the notice of appeal on November 13, 2024, stating that "only issues related to the September 24, 2024 order will be permitted to be included in the briefs on appeal."

## II

[¶5]   "This Court's review of a district court's determination on contempt is very limited." *Keller v. Keller*, 2024 ND 27, ¶ 6, 2 N.W.3d 695 (citation and quotation marks omitted). "The district court has broad discretion in making contempt decisions. We will only disturb a district court's contempt determination if the court abused its discretion." *Id.* "A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner; its decision is not the product of a rational mental process leading to a reasoned determination; or it misinterprets or misapplies the law." *Id.*

## III

[¶6]   The September 24, 2024 contempt order states:

> Marlene Betz filed an Application to File Motion. Ms. Betz asks the Court to order an audit of the Trust and order distribution of the trust.
> A final accounting was filed in this case by the trustee on September 19, 2008. *Docket No. 277.* The Court issued an Order approving the final accounting. *Docket No. 293.* Thereafter, the Betzes appealed the Court's Order. The Supreme Court affirmed the Court's order in 2009 ND 135. This issue was final after the appeal.
> Marlene Betz has again filed a frivolous application. She again did not follow the prefiling orders as required. Ms. Betz is in clear violation of the Court's Order. *Docket No. 858.* Ms. Betz is in Contempt of the Court's Order. *Id.*
> Ms. Betz is fined $1,000.00. Ms. Betz has thirty (30) days to pay her fine to the Clerk of Court in Burleigh County.

[¶7]   The district court's findings are supported by the record. The court notified all parties their continued disobedience would result in contempt and fines. The court specifically explained: "The Betzs may file an application seeking leave to

2

file new documents containing their substantive arguments, but they may not continue to file new documents and simply label them 'Application to File.'" Marlene Betz disregarded the pre-filing orders, and the district court's directive, and filed another document entitled "application to file," which was a motion for court order for distribution of the Emelia Hirsch Trust.

[¶8] The district court did not act in an arbitrary, unreasonable, or unconscionable manner; its decision is the product of a rational mental process leading to a reasoned determination; and, the court did not misinterpret or misapply the law. The district court did not abuse its discretion by finding Marlene Betz in contempt of a court order.

IV

[¶9] Timothy Betz filed a cross-appeal. His brief is not responsive to the sole issue before the Court, and his cross-appeal is frivolous. During pendency of this appeal, Timothy Betz submitted two motions to this Court. The first submission included a single document entitled "Application to File" and stated in the first line that he was "asking this Court to allow me to file." A single justice of this Court denied leave to file because the submission did not comply with N.D. Sup. Ct. Admin. R. 58(4)(a), which states, "a vexatious litigant *must file* an application for leave to file *using the form approved by the state court administrator*." (Emphasis added.) Rule 58(4)(a) further requires: "The documents the vexatious litigant seeks to file *must be submitted separately from the application* for leave to file." *Id.* (emphasis added). The first submission did not use the required form, nor was the proposed filing submitted separately from the application for leave to file.

[¶10] Several days later, Timothy Betz again submitted a proposed filing. This submission included an application to file in substantially the form provided by the state court administrator at the Court's Legal Self Help Center (https://www.ndcourts.gov/legal-self-help), along with a separate document containing the proposed filing. The proposed filing was entitled "Motion and Petition for a Finding the July 16, 2008 Nunc Pro Tunc Order is Void." A single justice of this Court concluded the proposed filing did not appear to have merit and denied the application for leave to file the document. N.D. Sup. Ct. Admin.

R. 58(4)(b) ("A court may permit the filing of new litigation or documents into existing litigation *only if it appears that the litigation or document has merit* and has not been filed for the purpose of harassment or delay.") (emphasis added).

## V

[¶11] The trustees seek costs and attorney's fees under N.D.R.App.P. 38 and 39. "If the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs, including reasonable attorney's fees." N.D.R.App.P. 38. "[I]f a judgment is affirmed, costs are taxed against the appellant." N.D.R.App.P. 39(a)(2).

[¶12] The trustees argue Marlene Betz ignored this Court's directive to limit the appeal to the contempt order. They argue Marlene Betz attempts to relitigate the district court's reformation of the trust as affirmed by this Court in *Matter of Emelia Hirsch Trust*, 2009 ND 135, 770 N.W.2d 225. They seek to recover double costs and attorney's fees.

[¶13] Marlene Betz's brief includes issues outside this Court's directive, and her argument regarding the September order is without merit. We award attorney's fees in the amount of $1,000 under N.D.R.App.P. 38. We award double costs under N.D.R.App.P. 39(a)(2).

## VI

[¶14] We affirm the district court order for contempt and award double costs and attorney's fees on appeal in favor of the trustees and against Marlene Betz.

[¶15] Jerod E. Tufte, Acting C.J.
    Lisa Fair McEvers
    Douglas A. Bahr

**Crothers, Justice, concurring.**

[¶16] I concur in the result. Under the circumstances present here, it is a close question whether the district court's use of contempt is an abuse of discretion. I

therefore write to encourage the court to stop using contempt proceedings in a manner that allows a vexatious litigant to continue being vexatious, and to circumvent the design and purpose of N.D. Sup. Ct. Admin. R. 58.

[¶17] Administrative Rule 58 "addresses vexatious litigation, which impedes the proper functioning of the courts and court-related adjudicative bodies, while protecting reasonable access to those tribunals." N.D. Sup. Ct. Admin. R. 58, § 1. The process created by Rule 58 requires a vexatious litigant to separately submit an application for leave to file in any new or existing case. *Id.* § 4(a). "The documents the vexatious litigant seeks to file will not be docketed unless the court grants the application for leave to file." *Id.* "A court may permit the filing of new litigation or documents into existing litigation only if it appears that the litigation or document has merit and has not been filed for the purpose of harassment or delay." *Id.* § 4(b).

[¶18] On October 24, 2023, the district court issued a subsidiary order to its December 30, 2019 pre-filing order. Majority opinion, ¶¶ 2-3. The subsidiary order threatened to hold Marlene Betz (and others) in contempt if she continued filing applications related to the long-resolved underling trust. *Id.*

[¶19] Rule 58 neither prohibits nor permits a subsidiary order exposing a vexatious litigant to contempt. Rule 58 does provide for sanctions if a vexatious litigant violates the pre-filing order. N.D. Sup. Ct. Admin. R. 58, § 5(a) ("Disobedience of a pre-filing order entered under this rule may be punished as a contempt of court."). Here, Marlene Betz complied with the pre-filing order by making an application for leave to file. Therefore, she did not violate the pre-filing order and she was not subject to sanctions under Rule 58. However, she did violate the subsidiary order.

[¶20] "The contempt power is inherent in the judicial power vested by our constitution in the judicial branch. N.D. Const. art. VI, § 1. The legislature may enact laws to 'carry into effect the provisions of the constitution,' N.D. Const. art. IV, § 13, but the contempt power 'cannot be entirely taken away, nor can its efficiency be so impaired or abridged as to leave the court without power to compel the due respect and obedience which is essential to preserve its character

5

as a judicial tribunal.'" *Nygaard v. Taylor*, 2017 ND 206, ¶ 17, 900 N.W.2d 833 (cleaned up). A court may impose a remedial or punitive sanction for contempt of court. N.D.C.C. § 27-10-01.2. A contempt proceeding requires notice and a hearing. N.D.C.C. § 27-10-01.3(1)(a). The court must prepare an order, which is appealable. N.D.C.C. § 27-10-01.3(3). Thus, the contempt process requires a number of proceedings when there would be none under Rule 58. I believe the creation of process and proceedings when otherwise none exists runs counter to the purpose of a pre-filing order—which is to curtail groundless and unnecessary litigation in North Dakota courts.

[¶21] Before N.D. Sup. Ct. Admin. R. 58, North Dakota courts had authority to control frivolous serial abusive filings by a litigant. *See Federal Land Bank of St. Paul v. Ziebarth*, 520 N.W.2d 51, 58 (N.D. 1994) (court has "inherent power to control its docket and to protect its jurisdiction and judgments, the integrity of the court, and the orderly and expeditious administration of justice"); *Holkesvig v. Grove*, 2014 ND 57, ¶¶ 17-18, 844 N.W.2d 557. Rule 58 adopted a uniform procedure to halt abusive filings by requiring the district court to review an application for leave to file. Under the rule, a vexatious litigant must obtain court approval before being permitted to file a document or pleading. N.D. Sup. Ct. Admin. R. 58, § 4(a). Unless and until the court permits filing, the clerk of court may not accept the proposed filings, and the opposing party need not respond to the proposed filing. *Id.* § 4(d) and (c), respectively. If the court grants the application for leave to file a meritorious paper or pleading, the proffered document is filed, the opposing party responds, and litigation proceeds as normal. If the court denies an application to file, the matter ends and no appeal is permitted. *Id.* § 6(c) ("An order denying the application for leave to file by a vexatious litigant is not appealable.").

[¶22] Here, the district court could have, and in my opinion should have, used the power of Rule 58 to grant or deny the application for leave to file. Using Rule 58, and simply denying the application, would have conserved its, and this Court's, resources. Instead, the district court's subsidiary order and the ensuing contempt order has re-opened the judicial branch door for an established

6

vexatious litigant to fully engage and again vex the district court, the opposing party, and the Supreme Court.

[¶23] Daniel J. Crothers
    Bradley A. Cruff, D.J.


[¶24] The Honorable Bradley A. Cruff, District Judge, sitting in place of Jensen, C.J., disqualified.